[No. 7105. Decided February 28, 1908.]

CLAYTON T. EAID, *Appellant*, v. THOMAS CONNOLLY *et al.*,
*Respondents.*[1]

EXECUTION—WRONGFUL SALE—CONSPIRACY TO DEFRAUD—EVIDENCE
—SUFFICIENCY. The fact that, at an execution sale, the purchaser
did not pay the sheriff until four days thereafter, or that the exe-
cution debtor claims that he was not served with process in the
action (although liable for the indebtedness and having notice of the
action brought against him and others as partners), does not con-
stitute proof of fraud in the sale or support an action for wrongful
execution or conspiracy to defraud.

JUSTICE OF THE PEACE—RIGHT TO OFFICE—NEW TRIAL—QUESTIONS
CONSIDERED. The right of a justice of the peace who rendered a
judgment to hold his office cannot be questioned by a motion for a
new trial, and an attempted accompanying *quo warranto* proceeding,
in an action for damages and wrongful execution of the justice's
judgment.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered June 25, 1907, upon granting a
nonsuit, after a trial on the merits before the court and a jury,
dismissing an action for conspiracy. Affirmed.

*Geo. L. Houghton*, for appellant.

*Vance & Mitchell*, for respondents.

ROOT, J.—This was an action for damages alleged to have
been caused to plaintiff by the action of defendants, wherein
and whereby they "conspired and colluded together to cheat,
defraud, annoy, and to injure the business reputation of plain-
tiff, and did actually seize and convert to their own use con-
trary to law" certain property belonging to plaintiff and used
and contained in his restaurant in Olympia. From a judg-
ment of nonsuit and dismissal, plaintiff appeals to this court.

From the exhibits and other evidence offered, some of which
were received and some of which were rejected, it appears that

[1]Reported in 94 Pac. 188.

the property in question was levied upon and sold by the respondent sheriff under a judgment obtained against appellant in the justice court of Thurston county, for Olympia precinct, presided over by Robert Frost, Esquire, from which judgment plaintiff had sought to appeal, but his appeal was dismissed. No suggestion of any of these matters occurs in any of the pleadings herein. Upon the trial of this case in the superior court, no evidence was introduced or offered showing, or tending to show, any fraud·or collusion or conspiracy on the part of these respondents or of any of them. The only evidence which appellant now claims to indicate any such fraud, collusion, or conspiracy is that respondent Mitchell, who purchased the property at the execution sale, did not hand the sheriff the money in payment therefor until four days thereafter, and the day of the payment was a holiday. How it can be thought that these facts constitute any evidence of fraud, collusion, or conspiracy we are unable to perceive.

Appellant urges, that he was not the owner of the restaurant at the time the indebtedness was incurred for which the judgment in the justice court was obtained; that he and two others had purchased the property, but he, being unable to advance his share of the money, did not become a partner in the business, although he worked in the restaurant during the time the indebtedness was incurred; that thereafter the man who was operating the restaurant sold it to appellant, who agreed to pay the bills, but was not served with summons and complaint in the suit in the justice court, although he admits that he knew there was an action pending when he made the purchase, as he claims, from the man with whom he had intended to be a partner. It is doubtful whether there was anything in the pleadings that would in any manner justify the trial court in going into any of these matters. But assuming that there was, it is clear from an examination of the evidence, considering both what was introduced and what was offered, that there was nothing that would authorize the trial court to

submit the case to the jury. Appellant's own testimony was sufficient to defeat his case.

A motion for new trial was interposed by appellant, the principal, or at least a prominent feature thereof being an assertion that Frost was not legally a justice of the peace at the time he rendered the judgment, and that the same was therefore void; that the city of Olympia, at the time of the election of said Frost, had a population of over five thousand and could consequently have but one justice of the peace, and that as there were two in Olympia it followed that said Frost was not authorized to act; and an attempt was made to interject a *quo warranto* proceeding in connection with the motion for a new trial. This proceeding was unique. We are not pointed to any precedent justifying it. Nothing whatever was said in the complaint as to any lack of jurisdiction on the part of Justice Frost. The jurisdiction of the justice court or justice of the peace cannot be questioned in the indirect manner attempted by appellant.

Numerous assignments of error are made upon the rulings of the trial court touching the admission and exclusion of proffered evidence. We have examined these but find no error.

The judgment of the superior court is affirmed.

HADLEY, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.

FULLERTON, J., concurs in the result.